IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv82

| | | |
|---|---|---|
| JOHN CARLAND, and PATRICIA CARLAND, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| RICKEY H. JORDAN, and SAMMONS TRANSPORTATION, INC. d/b/a SAMMONS TRUCKING, | ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court is Defendants' Motion to Dismiss [# 3]. This action arises out of an automobile accident involving Plaintiffs and a vehicle driven by Defendant Rickey Jordan. Plaintiffs assert two claims for negligence in the Complaint. In addition, Plaintiffs seek an award of punitive damages. Defendants move to dismiss the claims for punitive damages pursuant to Rule 12(b)(6). The Court **GRANTS** the motion [# 3].

**I.    Background**

Defendant Sammons Transportation, Inc. d/b/a Sammons Trucking ("Sammons") is a Montana company and the employer of Defendant Jordan. (Pls.' Compl. ¶¶ 4, 7.) Defendant Jordan is a resident of Alabama. (Id. ¶ 3.)

1

Plaintiffs are residents of North Carolina. (Id. ¶¶ 1-2.)

On August 25, 2010, Defendant Jordan was driving a tractor trailer owned by Defendant Sammons on the interstate. (Id. ¶¶ 5-7.) Defendant Jordan was transporting materials on a flatbed trailer at the time. (Id. ¶ 8.) Plaintiffs were traveling on a motorcycle directly behind Defendant Jordan when material fell off the trailer and onto the interstate. (Id. ¶¶ 8-9.) Plaintiffs collided with the material, resulting in injuries. (Id. ¶¶ 9, 13.)

Plaintiffs contend that this accident and Plaintiffs' resulting injuries were the result of Defendants' negligence. (Id. ¶ 13.) The complaint contains a laundry list of potential negligent actions by Defendant Jordan. (Id. ¶ 11.) In addition, Plaintiffs content that Defendant Sammons failed to properly train and supervise Defendant Jordan, failed to establish proper driving protocols for its drivers, failed to establish safe delivery routes and schedules, and negligently hired and retained Defendant Jordan. (Id. ¶ 18.) Finally, the Complaint alleges that "[t]he injuries and damages to the Plaintiffs were the direct and proximate result of the negligent, gross negligent, careless, reckless, willful and wanton disregard for the rights of the Plaintiffs . . . ." (Id. ¶¶ 11, 18.)

**II.     Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the

complaint states a plausible claim for relief.  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009).  In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ."  Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief

that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. \_\_\_\_, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis[1]

Punitive damages are available under North Carolina law in order to punish a defendant for egregious acts and to deter both the defendant and others from committing similar acts in the future. N.C. Gen. Stat. § 1D-1; Harrell v. Bowen, 655 S.E.2d 350, 352 (N.C. 2008). A plaintiff, however, may only recover punitive

---

[1] Defendants' argument based on Yancey v. Lea, 550 S.E.2d 155 (N.C. 2001), that punitive damages are only appropriate in motor vehicle accidents where a defendant is intoxicated, driving at excessive speeds, or is engaged in a racing competition, is without merit as there is no such limitation under North Carolina law. In Yancey, the North Carolina Supreme Court was not addressing the issue of punitive damages, but, rather, whether there was evidence of gross negligence that could override ordinary contributory negligence as a bar to recovery. Id. at 157. Moreover, the imposition of such a limitation would contravene N.C. Gen. Stat. § 1D-15(a), which sets forth the circumstances pursuant to which a plaintiff may recover punitive damages.

4

damages where he or she proves that the defendant is liable for compensatory damages, and one of three aggravating factors is present and relates to the injury. N.C. Gen. Stat. § 1D-15(a). These factors include fraud, malice, and willful or wanton conduct. Id.; Strawbridge v. Sugar Mountain Resort, Inc., 320 F. Supp. 2d 425, 435-6 (W.D.N.C. 2004) (Thornburg, J.). Punitive damages are not available on the basis of vicarious liability. N.C. Gen. Stat. § 1D-15(c). In the context of punitive damages, North Carolina courts define willful or wanton conduct as the "conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." George v. Greyhound Lines, Inc., 708 S.E.2d 201, 205 (N.C. Ct. App. 2011) (internal quotations and citation omitted). Willful or wanton conduct constitutes more than gross negligence. Id. The North Carolina Court of Appeals further explained that:

> An act is willful when there is a deliberate purpose not to discharge a duty, assumed by contract or implied by law, necessary for the safety of the person or property of another. A wanton act is an act done with the wicked purpose or . . . done needlessly, manifesting a reckless indifference to the rights of others.

Id. (internal quotations and citations omitted).

The Complaint contains no factual allegations supporting a claim that Defendant Jordan and Defendant Sammons acted with fraud, malice, or with

5

willful or wanton conduct. Instead, the Complaint contains only conclusory allegations that Defendants acted with willful and wanton disregard for the rights of Plaintiffs. (Pls.' Compl. ¶¶ 11-12, 15, 18.) Such legal conclusions and bare assertions are insufficient to state a claim against Defendants. See Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189. Plaintiffs' Complaint must contain factual allegations supporting their punitive damage claims in order to survive a motion to dismiss in federal court. Because the Complaint is devoid of any factual allegations supporting a claim that Defendants acted with fraud or malice or engaged in willful or wanton conduct, Plaintiffs' punitive damages claims are subject to dismissal. See Estrada v. Consol. Util. Servs., Inc., No. 5:10cv161, 2011 WL 2174467 (W.D.N.C. Jun. 2, 2001) (Voorhees, J.) (dismissing punitive damages claim for failure to state a claim); Tungage v. Johnson, No. 1:11cv143, 2011 WL 5325256, at * 2 (W.D.N.C. Nov. 2, 2011) (Howell, Mag. J.) (same). Accordingly, the Court **GRANTS** the Motion to Dismiss [# 3].

### IV. Conclusion

The Court **GRANTS** the Motion to Dismiss [# 3] and **DISMISS** the punitive damages claims.

Signed: August 8, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge